ARTHUR J. COLLINS *vs.* CITY OF LEWISTON.

Androscoggin.    Opinion October 18, 1910.

*Schools.  Superintendent.  Power of School Committee.  Contracts.  Conflict with
Statutes.  Special Laws, 1868, chapter 465, section 2; 1907, chapter 129.*

Under Private and Special Laws 1868, chapter 465, section 2, as amended by
Private and Special Laws 1907, chapter 129, permitting the superintending
school committee of Lewiston to appoint a superintendent of schools for
such term as they may determine, but providing that he may be removed
at the pleasure of the committee, the committee cannot deprive themselves
of the right to remove at any time by making a contract of employment
for a definite term and for the payment of the agreed salary for the whole
term, though the superintendent be discharged.

When a contract conflicts with a statute, the former must yield; otherwise
statutes could be modified or repealed without even the approving caress
of the referendum.

On exceptions by plaintiff.    Overruled.

Action of assumpsit by the plaintiff to recover the sum of $2000
for services as Superintendent of Schools in Lewiston.    Plea, the
general issue.    At the conclusion of the evidence, the presiding
Justice ordered a verdict for the plaintiff for $40 and a verdict for
that sum was returned.    The plaintiff excepted to the order.

The case is stated in the opinion.

*Ralph W. Crockett*, for plaintiff.

*McGillicuddy & Morey, and W. H. Hines*, for defendant.

SITTING :  EMERY, C. J., SAVAGE, PEABODY, SPEAR, CORNISH, JJ.

SPEAR, J.    This is an action of assumpsit brought by the plain-
tiff to recover the sum of two thousand dollars ($2,000) for services
as superintendent of schools in the city of Lewiston.    At the con-
clusion of the evidence the presiding Justice directed a verdict in
favor of the plaintiff for the sum of forty dollars ($40).    Upon
exceptions to this order the case comes to the Law Court.    The
plaintiff was superintendent of schools in Lewiston in 1907 and

1908. In April, 1909, he was reelected to the position for the "next following natural school year" at a salary of $2000 and $100 for carriage hire. In August, 1909, the Lewiston school board and the plaintiff executed the following contract:

"THIS AGREEMENT, entered into by and between the Lewiston School Board, party of the first part, and Arthur J. Collins, party of the second part, is an agreement of contract to specify and set forth more fully the election, duties, privileges, tenure of office, and salary of the said party of the second part as superintendent of schools as previously voted by the said Lewiston School Board.

"The parties to this contract agree that the election of the party of the second part as superintendent of schools by the party of the first part at the regular meeting of the School Board, April 5, 1909, is for the natural school year August, 1909—July 1910, and that the duties, privileges and responsibilities shall be the same as during the past two years. The party of the first part agrees that a salary of two thousand dollars ($2,000) shall be paid to the party of the second part in ten (10) equal monthly payments; but in case the said party of the second part is discharged, dismissed, superseded by another, or in any other manner deprived of his office, or interfered with in the performance of his duties, all parts of the said salary of two thousand dollars then unpaid to the party of the second part shall immediately become due and payable. The party of the first part further agrees that actual carriage hire in any amounts not aggregating more than one hundred dollars ($100) for the year and all necessary traveling expenses while in the service of the said City of Lewiston shall be paid the same as during the past two years.

"In consideration of the payment of salary and expenses as above set forth, the party of the second part agrees to faithfully perform the duties and obligations as superintendent of the Lewiston Public Schools, all in accordance with the rules and regulations the same as during the past two years."

The plaintiff entered upon the performance of his duties under his appointment and in pursuance of his contract and continued his services until Sept. 6, 1909, when he was summarily dismissed by the superintending school committee, or school board as they term

themselves in the contract. The special law under which the committee acted is found in chapter 463 of the Private and Special Laws of 1868, as amended by chapter 129, Private and Special Laws of 1907, the amended section reading as follows:

"Section 2. The superintending school committee of said city of Lewiston, may exercise all the powers conferred, and shall discharge all the duties imposed, by law, on superintending school committees and district school agents; and they may also appoint a superintendent of schools and truant officers, for such term and with such compensation as the superintending school committee of said City of Lewiston may determine. Such superintendent may be removed at the pleasure of said committee, and any vacancy shall be filled by their appointment."

The plaintiff contends that, under his contract, having been ready at all times to perform his part of the agreement, and a fair construction of the law by which the committee was authorized to employ "for such term and with such compensation" as they might "determine," he is entitled to recover his salary for the full school year. Did the statute stop with the above quotation there might be much force in the argument. But it does not. It goes further and places a limitation, contingent upon the "pleasure" of the committee, upon the continuance of the employment of the superintendent whatever the term specified in the contract. After conferring power to contract the statute contains this express provision: "Such superintendent may be removed at the pleasure of said committee, and any vacancy shall be filled by their appointment." This clause confers upon the committee summary authority to dismiss a superintendent at any stage of his services. It does not require the preferment of any charge or proffer of any reasons, but permits action "at the pleasure of said committee." The plaintiff's employment was for the "natural school year" without any further agreement. The written contract, would, therefore, seem to have been executed for the sole purpose of defeating the express provision of the statute.

The contract, as construed by the plaintiff, is in direct conflict with the statute, and completely inhibits its intended operation.

The defendant contends that the contract was ultra vires and that the committee could not thus deprive themselves or their successors of the right to exercise an authority, which might at any moment assume the form of a duty, clearly imposed upon them by statute. This contention must prevail. When a contract conflicts with a statute the former must yield. Otherwise statutes could be modified or repealed without even the approving caress of the referendum.

*Exceptions overruled.*